UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Samuel Buoscio, ) | CASE NO. 5:12 CV 1824 |
| ) | |
| Petitioner, ) | JUDGE JEFFREY J. HELMICK |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| Judge Stormer, ) | AND ORDER |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Samuel Buoscio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Buoscio alleges he is currently incarcerated in the North Central Correctional Complex serving a sentence of ten to twenty-five years for voluntary manslaughter and forgery. He does not contest, however, his conviction or his sentence. Instead, Buoscio filed this Petition to attack a 2006 judgment in a civil case which declared him to be a vexatious litigator. For the reasons set forth below, the Petition is denied and this action is dismissed.

**I. Factual Background**

Buoscio challenges a 2006 judgment from the Summit County Court of Common Pleas in *Buoscio v. Oborn*, Case No. CV 2006-05-3153 (Summit Cty Ct. Comm. Pl. Dec. 11, 2006) declaring him to be a vexatious litigator pursuant to Ohio Revised Code § 2323.52. That case arose from Buoscio's involvement with, and subsequent incarceration for, the 1991 death of Karol S. Oborn.

*See Id.* Oborn's Estate filed a wrongful death action in Mahoning County, Ohio and judgment in the amount of $950,000.00 was rendered against Buoscio in favor of Oborn's Estate in 1992. The following year, the Mahoning County Probate Court ordered all of Buoscio's assets to be turned over to Oborn's Estate and applied to the judgment owed by Buoscio. From that time to the present date, Buoscio filed multiple lawsuits in numerous Ohio courts against multiple individuals and entities alleging monies are owed to him. In Summit County alone, Buoscio filed twenty such lawsuits from 1992 until 2006.

In *Buoscio v. Oborn*, Case No. CV 2006-05-3153, Buoscio filed an action in the Summit County Court of Common Pleas against Oborn's Estate to challenge the validity of the 1992 wrongful death judgment. The Summit County Court of Common Pleas noted that the action was untimely and entered judgment in favor of the Defendant. The Defendant filed a Counterclaim in the action asking the court to declare Buoscio to be a vexatious litigator pursuant to Ohio Revised Code § 2323.52, and to enjoin him indefinitely from bringing a *pro se* legal proceeding in the Court of Common Pleas, the Municipal Court, the County Court, or Court of Claims without first obtaining leave of court.

The Defendant noted Buoscio had been declared to be a vexatious litigator in Franklin County, Ohio in *Buoscio v. Jackson Nat'l Life Ins. Co., Inc.*, Case No. 03 CVH-12-13184 (Franklin Cty Ct. Comm. Pl. October 14, 2004), and had initiated numerous actions against the Estate in Franklin County, Mahoning County, Cuyahoga County, and Richland County, all pertaining to the monetary judgment against him for the wrongful death of Karol Oborn. The court granted the request in Defendant's Counterclaim, and declared Buoscio to be a vexatious litigator. Pursuant to that judgment, Buoscio is required to obtain leave of court prior to instituting legal proceedings in the court of claims, the court of common pleas, the municipal court, or the county court.

## II. Habeas Petition

Buoscio contends that this judgment inhibits his ability to file actions which challenge his convictions. He therefore filed this Petition for a Writ of Habeas Corpus to challenge the civil judgment. In his Petition, Buoscio asserts two grounds for relief:

> 1. The lower courts are refusing to docket, journalize or grant leave of court to file pleadings that would grant relief of the Petitioner's criminal conviction because of vexatious litigator sanctions pertaining to civil matters. Whereby denying the Petitioner access to the courts, and placing him in a procedural quagmire, causing him to be illegally held in violation of the 5th, 6th, and 14th Amendments of the United States Constitution.
>
> 2. The Petitioner had vexatious litigator sanctions pending against him in Franklin County. He subsequently filed a civil pleading in Summit County's jurisdiction without leave of court ever being granted through Franklin County's jurisdiction. Summit County had no jurisdiction to further impose vexatious litigator sanctions in that County's jurisdiction without proper leave of court being granted through Franklin County's jurisdiction first. As a result the Petitioner is being held under vexatious litigator sanctions illegally and in violation of the 5th, 6th, and 14th Amendment of the United States Constitution.

(Pet. ECF No. 1 at 6). He asks this Court to reverse the judgment of the Summit County Court of Common Pleas declaring him to be a vexatious litigator.

## III. Analysis

A district court may entertain a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2254(a). An application for a writ of habeas corpus under § 2254 shall not be granted, however, unless the Petitioner has exhausted his state court remedies, there is an absence of an

3

available state corrective process, or circumstances exist that render such process ineffective to protect the Petitioner's rights. 28 U.S.C. § 2254(b)(1).

Although Buoscio is incarcerated on a 1992 conviction for manslaughter, and a 2007 conviction for forgery, he is not basing his habeas petition on a claim that he is in custody due to a violation of the Constitution of the United States. He is claiming a judgment in a civil case violated his constitutional rights. As the Supreme Court has explained, "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Challenges to the validity of a conviction or sentence, or to its duration, fall "within the core" of habeas corpus. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)). By contrast, constitutional claims that challenge the conditions of a prisoner's confinement, or as in this case, allege constitutional violations outside of the context of prison, are not appropriate for a habeas corpus petition, and may be brought pursuant to 42 U.S.C. § 1983. *Id. See also Hill*, 547 U.S. at 579; *Adams v. Bradshaw*, 644 F.3d 481, 482 (2011). While Buoscio attempts to tie his criminal convictions into his challenge of the civil judgment, the claims asserted in the Petition are not challenges to the validity of his convictions or his sentences. They would have to be asserted, if at all, in a civil rights action. These claims are not properly raised in a habeas petition.

Moreover, the Court notes Mr. Buoscio has filed three prior Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to contest his convictions. He filed two Petitions to contest his conviction for manslaughter, *see Buoscio v. Mitchell*, No. 5:98 CV 394 (N.D. Ohio Oct. 19, 1999)(Gaughan, J.); *Buoscio v. Sheldon*, No. 5:11 CV 501 (N.D. Ohio Mar. 22, 2011)(Gaughan,

4

J.)(transferred to the Sixth Circuit as a successive petition), and one Petition to contest his conviction for forgery, *see Buoscio v. Turner*, No. 1:12 CV 153 (N.D. Ohio Oct. 17, 2012)(Polster, J.).

Generally, when a prisoner files a second (or in this case a fourth) Habeas Petition, the district court is required to transfer the matter to the United States Sixth Circuit Court of Appeals to obtain an order authorizing the prisoner to proceed with the successive Petition. 28 U.S.C. § 2244(b). Title 28 U.S.C. § 2244 "establish[es] a gatekeeping mechanism for the consideration of second or successive habeas corpus applications" brought in federal court by state prisoners. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). That provision was modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to provide, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b). Where a numerically second habeas petition is filed in federal district court, that court must decide "in the first instance" whether the petition is "successive" under § 2244(b). *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). If the district court determines a petition is, in fact, "successive," it must then transfer the matter to the Sixth Circuit for want of jurisdiction under 28 U.S.C. § 1631. *Id. See also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

In this case, I do not believe this is a successive petition, as Buoscio is not challenging either of his convictions. He is challenging a civil judgment which may or may not have some impact on his ability to file other civil actions to collaterally attack his convictions. Having determined that Petitioner cannot utilize a Petition for a Writ of Habeas Corpus to challenge a judgment in a civil action, I find it unnecessary to transfer the Petition to the Sixth Circuit Court of Appeals to obtain permission to proceed with this action.

Finally, I cannot construe this Petition as a civil rights actions under 42 U.S.C. §1983 to avoid dismissal of the case. Buoscio already filed a civil rights action in this Court to contest the judgments of the Summit County Court of Common Pleas and the Franklin County Court of Common Pleas declaring him to be a vexatious litigator. *See Buoscio v. Oborn*, No. 5:10 CV 533 (April 12, 2010)(Adams, J.). United States District Judge John R. Adams dismissed Buoscio's attempt to have the civil judgments overturned, stating that the Court did not have jurisdiction to conduct appellate review over a state court judgment. That action was dismissed with prejudice.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote

6

the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff specifically challenged the state court's decision to declare him to be a vexatious litigator in *Buoscio v. Oborn*, No. 5:10 CV 533 (April 12, 2010)(Adams, J.). He cannot litigate that matter for a second time under a new legal theory invoking habeas corpus.

### IV. Conclusion

For all the foregoing reasons, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.

s/Jeffrey J. Helmick
UNITED STATES DISTRICT JUDGE